Edward Wallace, Plaintiff in Pro Se
PO BOX 1198
Sacramento, Ca. 94812
415-304-6009
Edlaw2020@protonmail.com



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD WALLACE,

    Plaintiff in Pro Se,

vs.

AMERICAN HONDA FINANCE CORPORATION, AND DOES 1-10, JOINT AND SEVERAL

    Defendants,

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE

CV 18 5445 KAW



COMES NOW,

PLAINTIFF ALLEGES THE FOLLOWING,

COMPLAINT

JURISDICTION:

1. This court has jurisdiction over this complaint because it arises under the laws of the United States.

VENUE

2. Venue is appropriate in this court because all the Defendants transact business in San Francisco, and a substantial part of the events which gave rise to this lawsuit occurred in this district.

INTRADISTRICT ASSIGNMENT:

3. This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions giving rise to this lawsuit occurred in the City and County of San Francisco.

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 1

PARTIES:

4. Edward Wallace, hereinafter named "Plaintiff" is a resident of San Francisco, California, and is permanently domiciled in San Francisco, California.

5. American Honda Finance Corporation, hereinafter named "Defendant" is a corporation transacting business in San Francisco, California.

6. Plaintiff alleges that DOES 1-10 are the agents of Defendant, operating in the San Francisco area. Plaintiff will amend this complaint as necessary, after their true names and are ascertained.

7. Plaintiff alleges that Defendant has done business in San Francisco as Honda Financial Services.

BACKGROUND:

8. Plaintiff incorporates the allegations set forth above, into the following;

9. Plaintiff alleges that in or around the month of June, Plaintiff received an offer from Capital One Bank, assuring a guaranteed car loan in lieu of good credit performance.

10. Plaintiff alleges that the offer described above, was proposed exclusively for a specific car dealership, Victory Honda, in San Mateo County.

11. Plaintiff alleges that he decided to participate in the Capital One promotion through Victory Honda, and went to the physical location of the dealership with the promo documentation from Capital One in hand.

12. Plaintiff alleges that Victory Honda sales representatives ran Plaintiff's credit and came back with a quote for the Capital One deal; which required $7,000 down for the purchase of a 2017 Honda Accord.

13. Plaintiff alleges that his credit limit with his current credit card with Capital One was only $1,000.

14. Plaintiff alleges that immediately after presenting the above described quote, the representatives presented a new offer from Honda Financial, which only required $1,000 down.

15. Plaintiff alleges that while surprised and curious by the differential in down, the representatives did not answer any questions as to whether or not the Capital One down payment amount was plugged into the quote rubric, or automatically provided by Capital One as an initial and/or only offer.

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 2

16. Plaintiff alleges that in the course of bargaining figures, the Victory Honda representatives never presented the opportunity to discuss alternative options with Capital One, but only insofar as options with Honda Financial.

17. Plaintiff alleges that the Victory Honda sales representatives did not disclose whether they themselves, or the dealerships as a whole, received any incentive or benefit from customers who finance with Honda Financial over alternative finance companies.

18. Plaintiff alleges that while overwhelmed by the differential, he opted to do the deal with Honda Financial, and paid $1,000 in cash, as a down.

19. Plaintiff alleges that he immediately began to research the legal validity of his loan and the compliance of Honda Financial, after the customer experience at the dealership.

20. Plaintiff alleges that he searched the directory of the California Department of Financial Institutions, and did not find the Defendant's name on that list.

21. Plaintiff alleges that he inquired into the licensure issue with Honda Financial, but no representative would provide the requested information.

## CAUSE OF ACTION I

### ACTION FOR DAMAGES PURSUANT TO THE

### FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates the allegations set forth above into the following:

23. Plaintiff alleges that on or around Friday, September 8th, 2018, Plaintiff sent a Validation Request letter, asking for licensure information, among other indicia of lawful dealings in the loan.

24. Plaintiff alleges that on or around September 11th, despite amounts already paid on the loan and the mailing of the validation letter, defendant responded by sending DOE 1, to Plaintiff's residence.

25. Plaintiff alleges that DOE 1 pulled up to Plaintiff's residence when Plaintiff was not home, proceeded onto the property and rang the door.

26. Plaintiff alleges that his mother, who is a heart transplant patient, answered the door.

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 3

27. Plaintiff alleges that DOE 1 knowingly, maliciously, and intentionally harassed Plaintiff's elderly mother, revealing to her, private information about what amounts were owed on Plaintiff's account.

28. Plaintiff alleges that he called Honda Financial after the above and followed up on the validation request.

29. Plaintiff alleges that Honda did not respond to any of the Plaintiffs attempts for validation for months.

30. Plaintiff alleges that he then sent another validation request with a concurrent offer for settlement/mitigation of damages letter.

31. Plaintiff alleges that Honda Financial has sent DOE 1, coupled with DOE 2, to various contiguous neighborhoods in pursuit of Plaintiff.

32. Plaintiff alleges that Defendant and DOES 1-10 maliciously continue collection efforts notwithstanding Plaintiff's request for validation or to cease collection efforts and activities that are emotional disturbing to Plaintiff and to his mother after the confrontation with Defendant's agent, DOE 1.

33. Plaintiff alleges that Defendant continues collection efforts, with DOES 1-10, without fully responding to validation request particulars in Plaintiff's letters.

## CAUSE OF ACTION II

### STALKING

34. Plaintiff incorporates the allegations set forth above into the following:

35. Plaintiff alleges that he fears for his safety and the safety of his family after the events described above.

36. Plaintiff alleges that despite failing to fully respond to validation requests, Defendant has not stopped acting with DOES 1-10 in malicious collection activities.

37. Plaintiff alleges that he fears that if these activities continue, Plaintiff may suffer irreparable harm and injury.

## CAUSE OF ACTION III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff incorporates the allegations set forth above into the following:

39. Plaintiff alleges he has felt anxiety since the confrontation between his mother and DOE 1.

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 4

40. Plaintiff alleges that he has felt humiliation since the confrontation between his mother and DOE1.

41. Plaintiff alleges that Defendant's behavior described above has contributed to a substantial amount of stress and unease.

42. Plaintiff alleges that Defendant, and DOES 1-10 intentionally continue to behave as described above, without responding to Plaintiff's validation requests.

43. Plaintiff alleges that he intercepts DOE 1, often in a blue, unmarked, tow truck while surveying the neighborhood, sometimes accompanied by a dark Ford Mustang with racing stripes.

44. Plaintiff alleges that he fears Defendant's behavior will result in harm to his mother or family.

## CAUSE OF ACTION IV

## NEGLIGENCE

45. Plaintiff incorporates the allegations set forth above into the following:

46. Plaintiff alleges that Honda Financial has yet to respond to the inquiries contained in any validation request sent by the Plaintiff.

47. Plaintiff alleges that Defendant and DOES 1-10 intentionally and maliciously continue collection efforts despite the failure to respond to the validation requests.

48. Plaintiff alleges that Defendant was not licensed by the Department of Financial institutions at the time of loan signing.

49. Plaintiff alleges that this behavior and in lieu of the facts set forth above, has caused stress, fear, anxiety, humiliation to Plaintiff and Plaintiff's mother.

50. Plaintiff alleges that but for Defendant's behavior after validation requests; Plaintiff would not have suffered the above mentioned stress, fear, anxiety, and humiliation.

## CAUSE OF ACTION V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff incorporates the allegations set forth above into the following:

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 5

52. Plaintiff's mother is a close relative, of which Plaintiff has known his entire life.
53. Plaintiff's mother resides at the same address as Plaintiff's permanent address.
54. Plaintiff alleges that he has a very close relationship with his mother.
55. Plaintiff alleges that after the departure of DOE 1 from maliciously confronting his mother, Plaintiff's mother called him in shock and worried, contemporaneously to DOE 1's subsequent surveillance.
56. Plaintiff alleges that his mother told him that DOE 1 was not dressed in uniform, rather in motorcycle club like clothing.
57. Plaintiff alleges experiencing fear, anxiety, stress, humiliation, worry, and shock directly from Defendant and DOE 1's behavior.
58. Plaintiff alleges experiencing fear, anxiety, stress, humiliation, worry, and shock indirectly through his mother's experience with being confronted by DOE 1.
59. Plaintiff alleges and expresses the utmost interest in the safety and well being of his mother.
60. Plaintiff alleges that he is continuously witnessing his mother's anxiety in relation to the above described events.

## CAUSE OF ACTION VI

## ACTUAL FRAUD

61. Plaintiff incorporates the allegations set forth above into the following:
62. Plaintiff alleges that the loan agreement was drafted on legal paper, elongated in length as such.
63. Plaintiff alleges that Defendant never responded to Plaintiff's request to provide a statement that the loan agreement was in compliance with California law.
64. Plaintiff alleges that Defendant never disclosed the fact that they were never licensed by the Department of Financial Institutions at the time of the loan ratification.
65. Plaintiff alleges that the Defendant, knowingly, intentionally, and maliciously has stalled in responding to any validation requests or settlement/mitigation of damages attempts.
66. Plaintiff alleges that Defendant is knowingly, maliciously, and intentionally stalling in response to settlement offers/mitigation of damages letters.

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 6

67. Plaintiff alleges that the Defendant intentionally omitted the above from disclosure to Plaintiff.

68. Plaintiff alleges Defendant knowingly conducted itself as described above to deceive Plaintiff from their legal status in California.

69. Plaintiff alleges that he relied on the presentation of legal loan documents, and the penalty of perjury contained therein, that the transaction was legal, and that the parties must act in a legal manner.

70. Plaintiff alleges that Defendants lack of disclosure, omission of the truth, and subsequent intentional and malicious collection activities have contributed to the emotional distress described in the allegation set forth above.

71. Plaintiff alleges that Defendant has posted derogatory remarks on his credit report as a result from this transaction.

72. Plaintiff alleges that Defendant's derogatory remarks on Plaintiff's credit report have affected Plaintiff's Graduate Plus Loan eligibility for his graduating year of Law school.

## CAUSE OF ACTION VII

## PUBLIC DISCLOSURE OF PRIVATE FACTS

73. Plaintiff incorporates the allegations set forth above into the following:

74. Plaintiff alleges that DOE 1 intentionally and maliciously showed Plaintiff's mother the details of his account while on the property, including but not limited to the amounts allegedly owed to Defendant and other account details.

75. Plaintiff alleges he never gave Defendant or any of its agents permission to discussion account details with anyone.

## CAUSE OF ACTION VIII

## LIBEL PER SE

76. Plaintiff incorporates the allegation set forth above into the following:

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 7

77. Plaintiff alleges that defendant did not cease collection activities after receiving the Validation request from Plaintiff.

78. Plaintiff alleges that DOE 1 continued collection activity by maliciously confronting Plaintiff's mother on the property and showing her debt representations on paper.

79. Plaintiff alleges that DOE 1 physically showed Plaintiff's mother amounts represented for valid collection activities coupled with the statement.

80. Plaintiff alleges that he has felt humiliation and other emotional distress by DOE 1's publication of Plaintiff's personal business reputation.

WHEREFORE, Plaintiff respectfully prays to the Court for the following relief:

1. Relief pursuant to the Fair Debt Collection Practices Act; and,
2. Injunctive relief preventing Defendants, their employees, successors, and assigns from any debt collection activities on property secured by the Plaintiff; and,
3. Injunctive relief preventing defendant from communicating with Plaintiff's family and/or associates pertaining to account held by Plaintiff, and,
4. Damages for Emotional Distress; and,
5. Punitive Damages for Actual Fraud and nominal damages for Libel Per Se; and,
6. A coercive order demanding Defendant's removal and/or redaction of derogatory information relating to any account held by Plaintiff in relation to Defendants, from any credit bureau and/or credit repository; and,
7. Any other relief this Court may deem proper.

Dated this day of August 21st, 2018.

_____
Edward Wallace, Plaintiff in Pro Se

1) COMPLAINT FOR DAMAGES AND RELIEF PURSUANT TO 15 U.S.C. §1692K/FAIR DEBT COLLECTION PRACTICES ACT; 2) STALKING; 3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, 4) NEGLIGENCE, 5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; 6) ACTUAL FRAUD; 7) PUBLIC DISCLOSURE OF PRIVATE FACTS 8) LIBEL PER SE  - 8